IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT R. SCHMIDT,

                      OPINION AND ORDER

           Petitioner,

                      14-cv-287-bbc

    v.

DEBORAH McCULLOUGH,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Scott R. Schmidt has been civilly committed as a sexually violent person under chapter 980 of the Wisconsin Statutes. He is confined at the Sandridge Treatment Center in Mauston, Wisconsin and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the five dollar filing fee, so his petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner contends that his 2010 civil commitment was unconstitutional because the prosecution entered evidence into the record from petitioner's therapy sessions that petitioner says was highly prejudicial and of low probative value. Petitioner argues that he should be granted relief under Wis. Stat. § 752.35 and under the due process clause of the Fourteenth Amendment. However, his petition does not state grounds for relief under § 2254 for two reasons. First, Wis. Stat. § 752.35 does not implicate the federal constitution or federal laws. Second, petitioner has not exhausted his state court remedies because he did

1

not fairly present his due process theory to all levels of the state court system before filing this petition. Even if he had, the facts he has alleged do not state grounds for relief under the due process clause. I will give petitioner an opportunity to file an amended petition that shows why his procedural default may be excused and that alleges facts sufficient to state grounds for relief under the due process clause. If he does not do so, his petition will be denied.

Petitioner alleges the following facts in his petition and its attachments.

RECORD FACTS

Petitioner Scott R. Schmidt was civilly committed in the Circuit Court for Walworth County on September 10, 2010. During the commitment proceedings, the jury heard evidence from petitioner's therapist about petitioner's descriptions of his acts of rape and sexual assault, as well as petitioner's motivations and feelings about these acts. After the jury found petitioner to be a sexually violent person, he was committed indefinitely to the Sandridge Treatment Center.

Petitioner moved for new commitment proceedings on the ground that the evidence from his therapy sessions was so prejudicial and immaterial that the jury did not decide the real issue which was his current propensity for sexual violence. The circuit court denied the motion, and petitioner appealed the judgment of commitment as a sexually violent person under Wis. Stat. Ch. 980 on the same ground of prejudice and irrelevance. State v. Schmidt, 2011AP1625 (Wis. Ct. App. November 7, 2012). (See also petitioner's appellate brief,

available at http://wscca.wicourts.gov/caseSearch.xsl under appeal no. 2011AP1625.) The Wisconsin court of appeals affirmed the circuit court's judgment of commitment on November 7, 2012, holding that the evidence petitioner complained of did not cloud the issue so greatly as to prevent the real controversy of the case from being tried. Id. Petitioner then sought review from the Wisconsin Supreme Court, on the ground that the commitment proceedings violated his right to due process because the highly prejudicial evidence from the therapy sessions was allowed into the record. The state supreme court denied his petition for review without comment on May 13, 2013.


OPINION

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss any petition for habeas corpus that does not show that the petitioner may be entitled to relief. Petitioner argues that he is entitled to relief on the following grounds: (1) "The jury was repeatedly presented with unfairly prejudicial information of [low] probative value—the right to a 'fair trial' was violated," Pet., dkt. #1, at 5; (2) "The real controversy—Mr. Schmidt's present and future dangerousness—was not fully tried, because the jury improperly heard multiple recitations of Mr. Schmidt's graphic, first-person narratives of sexual assault which he provided in treatment in [the] 1990s," id. at 7; (3) "The trial court erred by deciding the interest-of-justice claim on waiver, and by employing the wrong legal standard to find any possible error harmless," id. at 8; (4) "Were the trial proceedings 'fair' as required in the federal and state constitutions under the Due Process Clause?" id. at 10; (5) "Was guilt

3

established by 'unfairly prejudicial' evidence—instead of—probative evidence in violation of the Due Process Clause?" id. at 11; and (6) "Did the 'cumulative effect' of the State's actions shatter the Due Process guarantee of fundamental fairness?" id. at 13.

The first two grounds appear to raise the same issue: whether the "real controversy" was not tried in petitioner's commitment proceedings because the jury was influenced by the prejudicial evidence from petitioner's therapy sessions. The problem with this argument is that it relies on state law rather than on the U.S. Constitution or federal law. The requirement to try the "real controversy" comes from Wis. Stat. § 752.35, not the U.S. Constitution. Although § 752.35 provides grounds for appealing adverse judgments in Wisconsin courts, it does not provide a ground on which this court could hear a petition for habeas corpus. Habeas petitions are reserved for claims that the federal Constitution or a federal statute has been violated by the proceedings against the petitioner. 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of *the Constitution or laws or treaties of the United States.*") (emphasis added). Thus, petitioner is not entitled to relief on these grounds.

Petitioner's third ground for relief appears to be about the standard of review applied by the circuit court when it found that petitioner had waived his evidentiary arguments. Even if the circuit court erred, its error did not matter once the court of appeals decided the merits of petitioner's appeal in reliance on Wis. Stat. § 752.35. Schmidt, 2011AP1625. In any event, because this is another state law issue, it cannot be remedied by a petition for

4

habeas corpus.  28 U.S.C. § 2254(a).

Petitioner's remaining arguments seem to be that the commitment proceedings violated the due process clause because the evidence from his therapy sessions "was improper" and its "prejudicial effect . . . exceeded the probative value."  Pet., dkt. #1, at 10. Further, petitioner says the commitment proceedings focused on irrelevant information, such as his past acts rather than his present behavior, and the "cumulative effect" of the presentation of the prejudicial evidence violated "fundamental fairness."  Id. at 11-13. Petitioner does not explain how any of these alleged errors qualifies as a due process violation rather than a state law evidentiary error, but, even if I assume that he could state a due process claim on these facts, he forfeited that claim because he did not present it to the Wisconsin Court of Appeals.

Under 28 U.S.C. § 2254, a petitioner must present each ground for relief to the state courts before the federal district court may review it.  "This means that the petitioner must raise the issue at *each and every* level in the state court system, including levels at which review is discretionary rather than mandatory."  Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (emphasis added).  If a petitioner does not do so, he cannot rely on that ground for relief in a petition brought under § 2254.  Id.  In this case, petitioner did not present his due process argument to the Wisconsin Court of Appeals.  See generally Pet.'s App. Br., available at http://wscca.wicourts.gov/caseSearch.xsl.  Rather, petitioner challenged his civil commitment under Wis. Stat. § 752.35 and the circuit court's determination that he had waived any evidentiary arguments.  Id.  As a result, petitioner did not give the state

5

courts an opportunity to rule on grounds four through six, which means that the claims relating to due process are either unexhausted or procedurally defaulted.

Petitioner has already completed the appeal of his commitment through the state courts. Thus, it appears that he is procedurally barred from pursuing his due process arguments in grounds four through six in the state court system. In that case, the doctrine of procedural default may bar him from pursuing those grounds in his habeas petition. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004) ("[W]here, as in this case, the petitioner has already pursued his state-court remedies and there is no longer any state corrective process available to him, it is not the exhaustion doctrine that stands in the path to habeas relief, . . . but rather the separate but related doctrine of procedural default."); Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner can demonstrate (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

I will give petitioner an opportunity to show that he had a good reason for failing to raise his due process claims at the Wisconsin court of appeals and that the due process errors he complains of caused him to suffer actual prejudice. In other words, he must demonstrate that the errors changed the outcome of his civil commitment. Weddington v. Zatecky, 721

6

F.3d 456, 465 (7th Cir. 2013).  Alternatively, petitioner may show that not allowing him to proceed on his due process claims would lead to a fundamental miscarriage of justice. Petitioner is warned that this argument requires that he allege to "be actually innocent of the crime for which he . . . is imprisoned." Steward, 80 F .3d at 1212.  Petitioner may have until June 26, 2014, in which to file an amended petition showing why he should be allowed to proceed on his due process claims.

ORDER

IT IS ORDERED that petitioner Scott R. Schmidt may have until June 26, 2014, in which to amend his petition to (1) state a claim under the due process clause and (2) advise the court whether (a) he had cause for procedurally defaulting his due process claims and the due process errors prejudiced his civil commitment proceedings or (b) enforcing his civil commitment would be a fundamental miscarriage of justice.  If petitioner does not respond by that date, his petition will be denied.

Entered this 5th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge