IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT R. SCHMIDT,

                       Petitioner,

        v.

DEBORAH McCULLOUGH,

                     Respondent.

OPINION AND ORDER

14-cv-287-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Scott R. Schmidt is confined at the Sandridge Secure Treatment Center following his 2010 civil commitment as a sexually violent person under chapter 980 of the Wisconsin Statutes. He contends that his commitment was unconstitutional and seeks a writ of habeas corpus under 28 U.S.C. § 2254. His first petition was dismissed because he had procedurally defaulted his claim and had not alleged any facts that his constitutional rights had been violated. Now, petitioner has filed an amended petition in which he argues that his procedural default may be excused because he is actually innocent and the introduction of unfairly prejudicial evidence during his civil commitment proceeding was a violation of his rights to due process. Because neither argument is persuasive, the amended petition will be denied.

1

RECORD FACTS

After being imprisoned for thirteen years for raping a woman and burglarizing her apartment, petitioner Scott R. Schmidt was released on parole in 2003.  That parole was revoked in 2008 after he was found to have violated the conditions of his parole by looking at sexually explicit materials on the internet and by his expulsion from his sexually violent persons treatment program.  The state then filed civil commitment proceedings against him in the Circuit Court for Walworth County under chapter 980 of the Wisconsin statutes.

During the commitment proceedings, the jury heard evidence from petitioner's therapist about petitioner's descriptions of his acts of rape and sexual assault.  After the jury found petitioner to be a sexually violent person, he was committed indefinitely to the Sandridge Treatment Center on September 10, 2010.

Petitioner appealed his judgment of commitment as a sexually violent person and moved for new commitment proceedings, contending that admission of the therapy session evidence violated Wis. Stat. § 752.35, which permits appellate courts to reverse or remand any case in which the real controversy has not been fully tried or there has been a miscarriage of justice.  State v. Schmidt, 2011AP1625 (Wis. Ct. App. Nov. 7, 2012).  The court of appeals affirmed the circuit court's judgment of commitment on November 7, 2012.  Id. Petitioner then sought review from the Wisconsin Supreme Court, arguing that the commitment proceedings violated his right to due process because the evidence from the therapy sessions was highly prejudicial.  The supreme court denied his petition for review without comment on May 13, 2013.

2

Petitioner has yearly evaluations to determine whether he should remain committed.

OPINION

Under Rule 4 of the Rules Governing Section 2254 Cases, courts must dismiss any petition for habeas corpus that does not show that the petitioner is entitled to relief because he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The court may not grant the petition unless the applicant has exhausted the remedies available to him in the state courts.  § 2254(b)(2).  This means that the petitioner must have presented his claim to each level of the state court system unless there is "an absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i) and (ii); Lewis v. Sternes, 390 F.3d 1019, 1029 (7th Cir. 2004); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

In this case, petitioner failed to allege sufficient facts in his petition to raise a constitutional question.  He also failed to assert a constitutional argument at every level of the state courts.  Therefore, he has not shown that he was entitled to relief under § 2254.  Because it is too late for him to bring a new argument to the state court, he has procedurally defaulted his claim.  Petitioner may be excused from the procedural default if he demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice" because he is actually innocent.  Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th

Cir. 1996) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977)).  Therefore, I gave petitioner an opportunity to state a ground for relief based on a constitutional argument and to explain why his procedural default may be excused.

Petitioner's amended petition includes two relevant arguments:  (1) his due process rights were violated by the admission of highly prejudicial evidence that had to do with his past propensity for violence, not his present dangerousness; and (2) his procedural default should be excused because he is "actually innocent" and should not have been civilly committed under chapter 980.  Petitioner also raises arguments about the accuracy and constitutionality of his revocation proceedings and his yearly civil commitment evaluations, but he cannot pursue these in this petition, which is directed to the constitutionality of his original civil commitment.

It is not clear whether the "actual innocence" argument applies to civilly committed petitioners or what the standard might be.  The Court of Appeals for the Seventh Circuit has not resolved this question and has expressed doubt about how the standard applies to petitioners like Scott Schmidt.  <u>Brown v. Watters</u>, 599 F.3d 602, 609-10 (7th Cir. 2010) ("We need not resolve squarely in this case whether the actual innocence exception to the general rule of procedural default applies in the context of civil commitment proceedings. . . . The correct application of the actual innocence exception to civil commitment cases is a difficult one.  We have no explicit guidance from the Supreme Court or from our sister circuits.").  Nevertheless, for the purposes of this opinion and order, I will assume that the exception applies to petitioner.  "Actual innocence" for convicted individuals requires

petitioner to show that "no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." <u>Perruquet v. Briley</u>, 390 F.3d 505, 515 (7th Cir. 2004).  I will assume that for civilly committed individuals like petitioner, the standard is a showing that no reasonable jury would have found him to be a sexually violent person under chapter 980 but for the errors he has identified.

To civilly commit an individual under chapter 980, the state must show that the individual has a mental disorder and the disorder both affects his volitional or emotional capacity and makes it likely that he will reoffend.  Wis. Stat. § 980.02; <u>In re Commitment of Laxton</u>, 2002 WI 82, 254 Wis. 2d 185, 201, 647 N.W.2d 784, 792 ("Pursuant to the definitions of 'mental disorder' and 'sexually violent person,' ch. 980 requires proof that the person has a qualifying mental condition, that the mental condition affects his volitional or emotional capacity, and that the person's mental disorder makes it substantially probable that the person will engage in acts of sexual violence.").

Petitioner's arguments for excusing his procedural default and for the violation of his due process rights are largely the same:  the jury was misled by emotional evidence of plaintiff's past dangerousness by hearing about his therapy sessions and past crimes and did not decide his case on the actual issue, which is his present propensity for sexual violence.  Therefore, I may consider these arguments together.

The main difficulty for petitioner is that his past behavior and incidents of sexual violence are highly relevant to his present and future propensity for violence.  <u>Kansas v. Hendricks</u>, 521 U.S. 346, 358  (1997) ("As we have recognized, '[p]revious instances of

5

violent behavior are an important indicator of future violent tendencies.'") (quoting <u>Heller</u> <u>v. Doe</u>, 509 U.S. 312, 323 (1993)); Laxton v. Bartow, 421 F.3d 565, 572 (7th Cir. 2005) ("Even Laxton's own expert acknowledged that his prior sexually violent acts could be a compelling predictor of future violent sexual offenses."); <u>In re Commitment of Franklin</u>, 2004 WI 38, 270 Wis. 2d 271, 283-84, 677 N.W.2d 276, 282 ("[I]n ch. 980 proceedings, the fact finder must necessarily consider a respondent's 'relevant character traits and patterns of behavior, and the likelihood that any problematic traits or propensities have been or can be modified' in order to assure the safety of the community at large and the person himself.  To look forward, we must necessarily look back.") (comparing and quoting <u>La Crosse County</u> <u>Department of Human Services v. Tara P.</u>, 2002 WI App 84, ¶ 13, 252 Wis.2d 179, 643 N.W.2d 194).  It is true that past crimes are imperfect indicators of the likelihood that a person will commit violent acts thereafter, but past acts and plaintiff's discussions about those past acts are important considerations in predicting his future behavior.  The relevance of petitioner's past behavior to his civil commitment proceedings suggests both that it was not a violation of due process to consider that evidence and that the outcome of the proceeding was correct.

Petitioner says his case is particularly egregious because of the emotional and graphic nature of his discussions with this therapist.  (For example, he described his violent rape of one victim and the pleasure he took in raping her in specific and graphic detail during the therapy session.)  Nevertheless, the mere fact that petitioner's past behavior is upsetting is not unfair or unconstitutional prejudice.  <u>Watkins v. Meloy</u>, 95 F.3d 4, 7 (7th Cir. 1996) ("If

the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded . . . .") (citations omitted); Woodruff v. Lane, 818 F.2d 1369, 1373 (7th Cir. 1987) ("'Only when the probative value of evidence of prior criminal acts, though relevant, is greatly outweighed by the prejudice to the accused from its admission, does the use of such evidence by the State in a criminal trial rise to the level of a denial of fundamental fairness.'") (quoting the district court's unpublished opinion); In re Commitment of Franklin, 2004 WI 38 at ¶ 23 ("There is nothing unfairly prejudicial about the other acts evidence offered in this [chapter 980] case.  It is simply factual observations showing Franklin's long and consistent history of poorly controlled conduct that both experts used in coming to their conclusions.").  The disturbing nature of petitioner's crimes and therapy sessions may inflame emotions but this evidence is probative of his violence and danger to the community.  I cannot conclude that the prejudicial effect of this evidence greatly outweighed its probative value.

Petitioner makes several other arguments about why he is actually innocent.  He says that he completed the sex offender treatment program and that his certificate of completion says his likelihood of recidivism has decreased as a result.  That may be true, but it does not mean that the probability of his recidivism was so slight that he did not qualify for civil commitment.  Petitioner also argues that the 2011 and 2012 psychological evaluations undertaken in connection with his civil commitment show that he has improved and that his chances of recidivism have decreased.  In fact, they suggest that it is more likely than not that he will not reoffend.  Nevertheless, this information was not before the court at his 2010

commitment proceeding, so it does not show that the 2010 decision was improper.  To the extent the evidence suggests he should no longer be committed, petitioner must first present that argument to the appropriate state court tribunals before bringing it in a new habeas petition.  Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

Furthermore, petitioner says the jury did not hear evidence of positive reports from his treatment counselor during his 2010 commitment proceeding.  He does not say why those reports were not presented during his proceeding, but he says the counselor did not testify, so it is possible that the reports were excluded as hearsay.  Regardless why the reports were excluded and regardless of their positive comments about petitioner's progress and participation in group sessions, the reports suggest that petitioner needed improvement in several areas, including "knowledge of relapse prevention" and "own victimization." Pet., dkt. #7, exh. #2, at 7-14.  Petitioner has not alleged any facts that support a finding that exclusion of these reports was a violation of his right to due process.

Petitioner raises several arguments about the constitutionality of chapter 980 and about the reliability of psychological analyses, but he does not develop any of his arguments. He says only that Wisconsin Supreme Court justices have criticized the law as unconstitutional and that social science research casts doubt on the ability of psychological analyses to predict future behaviors.  He does not explain why the large quantity of evidence about his prior crimes and acts of sexual assault was not a sufficient basis for a finding that commitment was necessary, when considered with the psychological analyses presented at his commitment proceedings.

Finally, petitioner makes several arguments about why his revocation proceeding was improper.  As I noted earlier, these arguments are irrelevant in this proceeding.  Petitioner is confined pursuant to his chapter 980 proceeding, not his revocation.  Petitioner cannot bring a federal habeas action on a conviction for which he is not "in custody." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001).  He could proceed on his revocation arguments if he had argued that the revocation has a material effect on his current confinement, but he has not made that argument.  Id.  Furthermore, petitioner is required to first present this argument to the appropriate state court tribunals before bringing it in a habeas petition, which he does not say he has done.  Lewis 390 F.3d at 1025-26.  Therefore, I conclude that he cannot proceed on this basis.  Accordingly, the petition will be denied.

When denying a petition for a writ of habeas corpus, the court must issue or deny a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases.  To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

9

ORDER

IT IS ORDERED that

1.  Petitioner Scott R. Schmidt's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.  Petitioner is DENIED a certificate of appealability.  Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 7th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

10